IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY CHERIE DEBACCO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 25-00768 |
| ) | Judge Nora Barry Fischer |
| FRANK BISIGNANAO, ) | Docket No. 12 |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I.   INTRODUCTION**

Amy Cherie DeBacco ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the final determination of the Commissioner of Social Security ("Defendant" or "Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 1331-1383 (the "Act"). (Docket No. 13 at 1). Now pending before the Court is Plaintiff's Motion for Summary Judgment (Docket No. 12), which has been fully briefed. (Docket Nos. 13-15).

**II.   PROCEDURAL HISTORY**

On January 31, 2022, Plaintiff filed an application for disability insurance benefits ("DIB") alleging disability as of October 14, 2020; the date she last met the insured status requirements of the Act (her "date last insured" or "DLI") was September 30, 2022. (Administrative Transcript, Docket No. 3 (hereafter "Tr.") at 20-22).[1]  Her application being

---

[1] A certified copy of the transcript of the complete administrative proceedings was made of record at Docket No. 3 as follows: 3-1 Court Transcript Index; 3-2 pp. 1-126; 3-3 pp. 127-47; 3-4 pp. 148-248; 3-5 pp. 249-71; 3-6 pp. 272-425; 3-7 pp. 426-661; 3-8 pp. 662-1223; 3-9 pp. 1224-1813; 3-10 pp. 1814-2529; 3-11 pp. 2530-3282; 3-12 pp. 3283-3835.

1

denied by the Social Security Administration (the "SSA") during 2022 at the initial and reconsideration levels of review, it then proceeded to telephonic Administrative Law Judge ("ALJ") hearings before ALJ Leslie Perry-Dowdell on November 30, 2023 and April 16, 2024 – hearings at which Plaintiff and, on April 16, 2024, both an impartial vocational expert (Tania Schullo) and Plaintiff's husband testified (Tr. at 19, 43-126). Plaintiff was represented by her present counsel during the proceedings. On May 20, 2024, ALJ Perry-Dowdell issued a detailed Decision finding that Plaintiff had not established disability under sections 216(i) and 223(d) of the Act during the relevant period and denying her application. On April 10, 2025, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's Decision final pursuant to 20 C.F.R. § 404.981. (Tr. at 17-42; Docket No. 13 at 1). Plaintiff filed suit in this Court on June 5, 2025. (Docket No. 1).

The issues at hand are whether (a) the correct legal standards were employed, and (b) substantial evidence exists in the record to support the ALJ's Decision. On deferential review and as more fully set forth below, the Court finds that the administrative record sufficiently supports the ALJ's Decision, and that the proceedings and determinations complied with the applicable standards. Plaintiff's Motion for Summary Judgment [12] is accordingly denied and judgment granted in favor of the SSA/Commissioner.

### III.    STANDARD OF REVIEW

To be eligible for Social Security benefits under the Act, a claimant must demonstrate that she cannot engage in "substantial gainful activity" because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A);

*Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986). When reviewing a claim, the ALJ must utilize a five-step sequential analysis to evaluate whether a claimant has met the requirements for disability. 20 C.F.R. §§ 404.1520, 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or a combination of impairments that is severe; (3) whether the medical evidence of the claimant's impairment or combination of impairments meets or equals the criteria listed in 20 C.F.R., Pt. 404, Subpt. P, App'x 1; (4) whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see Barnhart v. Thomas*, 540 U.S. 20, 24–25 (2003). If the claimant is determined to be unable to resume previous employment, the burden shifts to the SSA/Commissioner at step 5 to prove that, given claimant's mental or physical limitations, age, education, and work experience, she is able to perform substantial gainful activity in jobs available in the national economy. *See e.g., Edwards v. Berryhill*, No. CV 16-475, 2017 WL 1344436, at *1 (W.D. Pa. Apr. 12, 2017); *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986). *See also* Tr. 20-21.

The Court's review of the agency's final decision is plenary for questions of law. *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999). It reviews the ALJ's findings of fact for "substantial evidence" and reviews the administrative record as a whole. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019) (quoting 42 U.S.C. § 405(g));[2] *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002); *Kent v. Schweiker*, 710 F.2d 110 (3d Cir. 1983). This evidentiary threshold

---

[2] Section 405(g) provides in pertinent part:

> Any individual, after any final decision of the [Commissioner] made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action ... brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business.

3

is not high, and "substantial evidence" means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek,* 139 S. Ct. at 1154; *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Perales,* 402 U.S. 389, 401 (1971)).  If the ALJ's decision is supported by such evidence, it is conclusive.[3]  The Court may not "set aside" the decision "even if this Court 'would have decided the factual inquiry differently.'"  *Hansford v. Astrue*, 805 F. Supp. 2d 140, 143 (W.D. Pa. 2011) (quoting *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)).[4]

## IV.   ANALYSIS

The lengthy Decision rendered by ALJ Perry-Dowdell found that Plaintiff (1) did not engage in substantial gainful activity during the relevant period of October 14, 2020 through September 30, 2022; (2) had the severe impairments of migraines, fibromyalgia and lumbar radiculopathy;[5] (3) did not have an impairment or combination of impairments meeting or equaling

---

[3] As the Supreme Court has explained, however, the ALJ must provide a satisfactorily clear articulation of the basis for her conclusions:

> An agency action qualifies as "arbitrary" or "capricious" if it is not "reasonable and reasonably explained."  *FCC v. Prometheus Radio Project*, 592 U. S. 414, 423, 141 S. Ct. 1150, 209 L. Ed. 2d 287 (2021).  In reviewing an agency's action under that standard, a court may not "'substitute its judgment for that of the Agency.'"  *FCC v. Fox Television Stations, Inc*., 556 U. S. 502, 513, 129 S. Ct. 1800, 173 L. Ed. 2d 738 (2009).  But it must ensure, among other things, that the agency has offered "a satisfactory explanation for its action[,] including a rational connection between the facts found and the choice made."  *Motor Vehicle Mfrs. Assn. of United States, Inc. v. State Farm Mut. Automobile Ins. Co.*, 463 U.S. 29, 43, 103 S. Ct. 2856, 77 L. Ed. 2d 443 (1983).

*Ohio v. EPA*, Nos. 23A349, 23A350, 23A351, 23A384, 2024 U.S. LEXIS 2846, at *18 (June 27, 2024); *see also Cotter v. Harris*, 642 F.2d 700, 704-05 (3d Cir. 1981).

[4] As the Supreme Court reiterated in *Ohio v. EPA, supra*, when considering a case, a district court can neither conduct a *de novo* review of the decision nor re-weigh the evidence of record.  It must judge, under the applicable standard, the propriety of the decision in reference to the grounds invoked by the Commissioner when the decision was rendered.  *Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp*., 332 U.S. 194, 196–97 (1947).

[5] The ALJ further found - on review and consideration of all the medical evidence in Plaintiff's file, "including the records preceding [Plaintiff's] alleged onset date and after her date last insured" - that, to the extent "numerous other alleged conditions [met] the regulatory requirements for a medically determinable impairment established by an acceptable medical source, [they were] not shown to have more than minimally limited her work-related functioning for the period presently at issue." (Tr. at 23 (including and discussing gastritis and GERD, blood pressure, chronic sinusitis, sleep apnea, obesity, post-concussive disorder, scoliosis, loss of cervical lordosis, hiatal hernia, incontinence,

the severity of one of the criteria listed;[6] and (4) had the residual functional capacity ("RFC") to perform light work with some further restrictions, which did not preclude her from performing past relevant work as a correction treatment specialist, case manager, counselor, case worker and substance abuse counselor.[7] Plaintiff's claim was therefore denied at step (4). *See generally* Tr. at 22-34.

The Court is not unsympathetic to Plaintiff's medical history as effectively presented in her pleadings. (Docket Nos. 1, 13 and 15). It must, however, reject Plaintiff's contentions of error warranting remand and affirm the ALJ's Decision. It does so on the basis of its review and above

---

kidney stones, pelvic floor disorder, MTHFR genetic mutation, mitochondrial metabolism disorder, and Postural Orthostatic Tachycardia Syndrome ("POTS") - the last three being assessed at the Cleveland Clinic in *April 2023 through 2024*); *id.* (discussing the minimal attributable functional limitations of record during the period then at issue, the mild or intermittent nature, and the addressability/improvement, including with conservative treatment, of these various conditions at that time); *id.* (noting Plaintiff's "extensive evaluations and testing with multiple specialists, including after her date last insured" and providing citations to records regarding her findings at step (3)); *id.* (discussing ALJ's consideration of wide-ranging symptoms in context of established severe impairments, and all medically determinable impairments ("MDI"), in assessing Plaintiff's RFC). *See also* Docket No. 15 at 3.

The ALJ also expressly addressed her review and consideration of Plaintiff's medically determinable mental impairment of major depressive disorder, as well as symptoms of anxiety, both singly and in combination, and her conclusion that they, too, were "non-severe" in that they did not cause "more than minimal limitation" in Plaintiff's "ability to perform basic work activities". (Tr. at 23-25). *See also id.* at 24-25 (providing comprehensive discussion of ALJ's consideration of Plaintiff's broad areas of mental functioning under the regulatory "paragraph B" criteria, with citations to "typically normal" or "mild" findings of record, including Plaintiff's July through December consultative mental status assessment/reviews); *id.* at 25.

[6] Here, the ALJ explained the consideration given to Plaintiff's back disorder, headaches and fibromyalgia in the context of the listed impairments. (Tr. at 25-26) (with citations to record and listings).

[7] *See* Tr. at 26-32 (ALJ's seven-page explanation of the process and bases of her findings at step (4)). More particularly, the ALJ found that that Plaintiff

> had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she was able to lift up to 20 pounds occasionally and 10 pounds frequently; standing and walking for up to six hours and sitting for up to six hours in an eight-hour workday with normal breaks; frequently climb ramps and stairs but never ladders, ropes, or scaffolds, and all other postural maneuvers frequently (balance, stoop, kneel, crouch, crawl); must have avoided concentrated exposure to extreme cold, extreme heat, humidity, vibrations, and hazards such as unprotected heights; and she must have been able to (alternate position) to sit or stand every hour for two to three minutes while remaining on tasks.

*Id.* at 26.

5

explication of the Decision challenged. In further response to Plaintiff's averments of error/entitlement to remand, the Court observes that:

(1) Plaintiff's objections rely in part on Plaintiff's "having to take" all available time off and additional FMLA leave, prior to ultimately ceasing employment,[8] and her perception of her symptoms as "hav[ing] been the same", *i.e.*, "severe and disabling", from her disability onset date of October 2020 through her December 2025 approval for Supplemental Security Income. (Docket No. 15 at 1, 5; Docket No. 13 at 3, 9). But, as reflected in the Decision, a claimant's subjective assessments/elections regarding time off may not correspond to (and are not determinative of) her reasonably assessed RFC or disability status for purposes of benefits under the Act. More generally, a claimant's subjective perceptions or statements about, *e.g.*, the intensity, persistence or functionally limiting effects of, pain or other symptoms must be evaluated by the ALJ in the context of their substantiation by/consistency with medical and other evidence of record in determining the extent to which they may limit the claimant's work-related activities. (Tr. at 27).[9] This assessment is delegated to the ALJ, subject to the Court's deferential review. *Cf.* Tr. at 26 (correctly noting the two-step process that begins with the ALJ's determination of "an underlying medically determinable physical or mental impairment" - *i.e.*, one "that can be shown by medically acceptable clinical or laboratory diagnostic techniques – that could reasonably be expected to

---

[8] The ALJ's Decision reflects her awareness and consideration of these circumstances. (Tr. at 27) (" Although her job technically ended due to marriage and moving out-of-state, the claimant testified that she had been having increasing difficulty performing the work and does not believe she would have been able to continue. . . . She testified that she had been using FMLA leave prior to the end of her employment, was missing work or falling asleep on the job, and her supervisor had reassigned some of her job duties . . . .").

[9] *See also* Docket No. 14 at 5-6 (highlighting the ALJ's consideration of the "entire record", *e.g.*, medical records, testimony of daily live/activities, and prior administrative findings of state agency consultants). *Cf. Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("state agency opinions merit significant consideration").

produce the claimant's pain or other symptoms"); *id.* at 27 (finding Plaintiff's subjective statements "not entirely consistent with" the medical and other record evidence for reasons discussed).

(2) Plaintiff objects that the ALJ "inaccurately stated" that the medical opinion provided by Plaintiff's neurologist, Dr. Santamaria "was dated at least a year past" Plaintiff's DLI, "erred in not acknowledging" that Dr. Santamaria's "evaluation . . . was based on Plaintiff's condition as of July 12, 2022", and "improperly disregarded" that and other later-dated reports of treating physicians. (Docket No. 15 at 3-4).  *See also* Docket No. 13 at 11-14; *id.* at 15-19 (further asserting, in reliance on these objections, that the ALJ erred in various aspects of her determination).[10]

The Decision's accurate observation of the date of a physician's report is insufficient to an inference that the ALJ's reading of that report mistook its content or scope.  Moreover, the cited opinion by Dr. Santamaria, signed and dated November 15, 2023 (approximately 14 months after Plaintiff's DLI), is a three-page, preprinted fill-in-the-space/check-the-lines form headed "PHYSICAL CAPACITY EVALUATION" and, directly below, "<u>PLEASE ANSWER THESE QUESTIONS BASED ON PLAINTIFF'S CONDITION AS OF JULY 12, 2022</u>".  Neither its format nor content supports a contention for remand on grounds that ALJ Perry-Dowdell misunderstood or disregarded, rather than considered and reflected, it in her decision.[11]  *See supra*

---

[10] These three other reports are expressly *not* alleged to "g[i]ve an opinion regarding Plaintiff's limitations as of a time period prior to her date last insured." *Id.* at 3; Docket No. 13 at 11-14 (discussing evaluations and reports of 2023 and 2024). *But cf. id.* at 4 (noting Plaintiff's objection "in this argument" that the ALJ also "failed to discuss the consistency and supportability factors . . . as is required by the Regulations when discussing the weight given a medical source's [ ] opinions").  That said, the Court finds that the ALJ's unusually thorough Decision reflects her consideration of both "consistency" and "supportability" in the course of determining, with substantial reference to her treatment records and reports, Plaintiff's RFC and qualification for benefits. *See* Tr. at 26-32; *id.* at 31-32 (finding, "without making a specific determination regarding [Plaintiff's later RFC]" that many of the later report statements of restrictions, including multiple "check-box forms", appeared based largely on Plaintiff's subjective statements, were inconsistent with medical evidence prior to her DLI, and unpersuasive as to period then at issue).  *Cf. also* Docket No. 14 at 6-7 (clearly refuting Plaintiff's contentions and providing apt case citations); *supra*, n. 9.  More generally, and as noted *supra*, the Court reviews the ALJ's findings of fact for "substantial evidence" and reviews the administrative record as a whole. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019).

[11] The relevant date reminder is repeated thrice more on the form's first page. With little written explication, Dr. Santamaria identifies Plaintiff's diagnosis as "chronic migraine" with symptoms of nausea, vomiting, light and sound

7

at 4-5 & nn. 5-7 (summarizing consideration/assessment of all medical records, including those after Plaintiff's DLI, and RFC restrictions).

(3) Finally, Plaintiff asserts that the December 17, 2025 Decision issued – almost 19 months after the Decision *sub judice* - by ALJ Brian Wood, approving her claim for Supplemental Security Income ("SSI") for the period beginning March 8, 2024, also warrants remand because her symptoms "have been the same" and "have continued" since her "original alleged onset of disability date of October 14, 2020." (Docket No. 15 at 4-5).[12] Plaintiff's later SSI claim, however, assessed the medical and other evidence of her disability status subsequent to the September 30, 2022 DLI relevant to the Decision *sub judice*. This evidence included additional diagnoses and findings of multiple additional severe impairments. (Docket No. 15 at 4-5; *id.* at 5 (noting that it was only after beginning treatment at the Cleveland Clinic that additional testing determined additional diagnoses "which in part explained many of her disabling conditions").

As to Plaintiff's averments that she was suffering the same symptoms at the same levels of severity and disability during the relevant period of October 2020 through September 2022, the ALJ considered Plaintiff's subjective statements concerning the intensity, persistence and limiting effects of her symptoms, and found them insufficiently supported by the relevant record for reasons

---

sensitivity and lightheadedness, possibly causing fatigue and pain despite medication. In response to sections 5 and 6, requesting check-the-line specifications of Plaintiff's various limitations during an eight-hour work day, the margin response instead simply notes that Dr. Santamaria was "unable to evaluate accurately [word cut off] our office environment but will need breaks with an ability to rest for an unidentified period of time." The form has checked boxes for avoiding poor ventilation, fumes, odors, gas, smoke, auto exhaust, dust, cleaners/soap, and vibrations; and the boxes indicating potential risks of exceeding work restrictions of lightheadedness, fatigue, decreased concentration and severe pain. Finally, Dr. Santamaria designated "20+" as the number of "days per month [that Plaintiff] would have had to miss work due to her illness or medical conditions", noting "pain is daily". (Tr. at 2950-52). Sections 14 and 15, providing space for descriptions of "any objective medical findings which support these limitations and restrictions" and Dr. Santamaria's medical credentials, remain blank.

[12] *Cf. supra* (discussing ALJ's consideration of subjective statements); Tr. at 20-34.

canvassed (with supportive citations to the record) in her Decision. *See supra*. To the extent Plaintiff avers that ALJ Wood's determination of additional severe impairments - contributing to Plaintiff's SSI-qualifying disability since March 2024 - warrants remand of ALJ Perry-Dowdell's prior Decision, Plaintiff appears to again request an unwarranted inference, *i.e.* that the severity and degrees of disability of her medical conditions were arbitrarily and capriciously discounted/disregarded on her medical record at the time of ALJ Perry-Dowdell's Decision rather than that those conditions, correspondent medically determinable impairments, and/or reasonably accepted degree of symptoms, were progressive thereafter. (Tr. at 30) (noting that later records still prior to Plaintiff's DLI "documenting few objective abnormalities and confirming significant symptom improvement with conservative treatment for back pain, migraines, and fibromyalgia, [did] not show that [Plaintiff] was unable to perform a range of light exertional work"); *id.* (noting further testing in said records "for potentially long-standing conditions . . . but with few definitive related limitations, and little in these later records to show that the claimant was precluded from a range of light exertional work prior to her [DLI]") (providing citations to record); *id.* at 32 (finding that RFC assessment "fully account[ed] for all of the claimant's reasonably demonstrated limitations prior to her [DLI]").[13] *Cf.* Docket No. 13 at 7-8.

V.  CONCLUSION

In sum, the Court has applied the applicable standard and finds that the ALJ's Decision (a) comprehensively included, considered and referenced the evidence relating to Plaintiff's subjective reporting, symptoms, medical conditions, and limitations during the relevant period, (b) more than sufficiently explained the ALJ's reasonings and findings to permit the Court's meaningful review, (c) included related reasonably demonstrated limitations during the period at issue in its RFC, and

---

[13] *See also* n. 5, *supra*; 20 C.F.R. § 404.1529 (cited in Tr. at 26).

(d) based its denial of benefits on substantial evidence found and reasonable determinations made. *See* Sections III and IV, *supra*. Plaintiff's Motion for Summary Judgment [12] is therefore denied and the decision of the SSA/Commissioner is affirmed. An appropriate Order follows.

*s/ Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Dated: February 18, 2026

cc/ecf: All counsel of record.